# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

```
*******************************************************
In re:                                              *
                                                    *        Chapter 7
Lincoln Millwork, Inc.,                             *        Case No. 10-21952
                                                    *
Debtor                                              *
                                                    *
*******************************************************
```

## Order on Final Fee Application of Debtor's Counsel

Molleur Law Office (Molleur) has filed its first and final application for fees and expenses in this short-lived attempt at reorganization.  Notwithstanding the scant twenty-one day run for the debtor's Chapter 11 case, counsel's requested fees total $ 14,913.00, with expenses of $ 1,127.30.

Under the Code[1], bankruptcy judges are given broad discretion in determining reasonable compensation of attorney's fees. See, In re Bosse, 407 B.R. 444, 446 (Bankr. D. Me. 2009). In determining reasonableness, the court considers the nature, the extent, and the value of services, taking into account all relevant factors, including:

> (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(3).

---

[1] Reference to the "Bankruptcy Code" or the "Code" is to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, et seq.   Unless otherwise indicated, references to statutory sections are to sections of the Bankruptcy Code.

Further, the court assesses fee requests for unnecessary duplication of services; or services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case. 11 U.S.C. 330(a)(4)(A).

The Chapter 7 trustee and Norway Savings Bank, a secured creditor, have objected to final allowance of Molleur's fees.  Neither contends that the work itemized in the application was not actually performed.  And neither objects to the hourly rates charged by Molleur's attorneys and paralegal assistants. Rather, this is one of those cases where the objecting parties assert - with considerable persuasiveness - that the effort was not worth the candle, and that the amount of fees sought is unreasonable in light of the benefit realized by the estate.

I must agree.  Notwithstanding certain advantages gained by filing, notably the imposition of the automatic stay and the chance to reorganize, this debtor's reorganization effort had no staying power.  The debtor filed its petition on November 24, 2010; its schedules and statements on November 30, 2010; and filed its own motion to convert the case to Chapter 7 on December 13, 2010.  Thus, functionally, the debtor's reorganization attempt lasted less than three weeks.  I cannot conceive that the handwriting was not writ large on the wall from the very beginning.  It was counsel's duty to read it and to manage the case to conserve, rather than to expend, the debtor's dear resources.

I realize that fault-finding with counsel's efforts should focus on the reasonableness and necessity of services performed *at the time of their performance*.  But if a quarterback elects to hurl a fourth-down Hail Mary pass, he cannot effectively question those who challenge his judgment when the pass goes incomplete or is intercepted.

I have considered the parties' positions, and have reviewed Molleur's application, the justifications for it, and the subsequent objections in detail. I will allow counsel $ 2,500.00 for prepetition services and $ 2,500.00 for post-petition, pre-conversion services.  Added to that total fee award of $ 5,000.00, I will include the unchallenged $ 1,127.30 sought for reimbursement of expenses, totaling an allowance of $ 6,127.30.

The allowance is final, but payment (or application of funds held by counsel to answer for it) must await further order in the course of the Chapter 7 case.

2

Dated:   April 28, 2011

/s/ James B. Haines, Jr.

_____

James B. Haines, Jr.
U.S. Bankruptcy Judge